Olga Isabel MAYORGA–
MORAN, Petitioner,

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 06–74004.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2007 *.

Filed April 9, 2007.

Reza G. Athari, Esq., Immigration Law Offices of Reza G. Athari, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Song E. Park, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The regulations provide that a party may file a motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened...." *See* 8 C.F.R. § 1003.2(c)(2). Therefore, the BIA did not abuse its discretion in affirming the decision of the Immigration Judge not to grant petitioner's motion to reopen, filed more than 13 years after issuance of the administrative order in petitioner's case. *See id.*

The regulations further provide that the BIA "may review questions of law, discretion and judgment and all other issues in appeals from decisions of immigration judges de novo." *See* 8 C.F.R. § 1003.1(d)(3)(ii). Therefore, the BIA did not abuse its discretion in determining that petitioner had failed to establish "exceptional circumstances" for why the Immigration Judge should have granted her motion to reopen *sua sponte*, and in not remanding the application to the Immigration Judge. *See Movsisian v. Ashcroft*, 395 F.3d 1095 (9th Cir.2005).

Accordingly, respondent's motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

To the extent petitioner alleges the BIA erred in not exercising its discretion to reopen her case *sua sponte*, this court lacks jurisdiction to consider that argument. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction is granted in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**